Thank you. Please be seated. I should note that I'm here in the courtroom with Judge Parker. Judge LaValle is participating remotely, so you will see him on the screen at the podium. We have two cases and one argued motion on the calendar for today, and so we'll proceed first to the motion in Number 22-1183, Everytown for Gun Safety v. Defcad, Inc. Mr. Schmutter. Go ahead. May it please the Court. This case raises some very emotional issues, but litigants are still entitled to basic due process. The Court, of course, has read my papers, so I won't repeat what's in them. I thought I would address the plaintiff's opposition brief and, of course, any questions. How are you denied basic due process? Your Honor, there's several ways. Number one, we were given a timeframe by the magistrate to file our jurisdictional motion. We're moving to dismiss for lack of personal jurisdiction and the alternative to transfer venue for lack of venue, proper venue. We met with the magistrate on May 18th at a conference. There was a very significant and lengthy discussion about timing. The plaintiff objected to June 15th as the date that we wanted to file our motion. The plaintiff wanted us to file our motion May 25th, which was just the following week. The magistrate asked me, why do you need that extra time, especially because there was already some papering of the issue in our PI opposition brief, our preliminary injunction opposition brief. We discussed it with the magistrate regarding my personal... What is the basis of your contention that these scheduling orders are appealable at this point? The scheduling orders are intertwined with the May 26th order denying the unfiled motion to proceed anonymously. They all implicate our ability to proceed in an anonymous fashion. I don't understand what you just said. How do they implicate your ability to proceed in an anonymous fashion? Your Honor, we asked at the May 18th conference, we requested leave to file the motion to proceed anonymously. The magistrate indicated that he was unclear as to whether it was his place to determine that procedure and ultimately concluded that we should address it with the district court. We're here on an emergency stay motion, and you said that there were due process issues, which I was not able to glean from your papers, that presumably impacted the stay motion. I would appreciate whatever help you could get. If you're saying the scheduling orders implicated your right to proceed anonymously, doesn't that mean that you think that the harm is the First Amendment problem? There's two harms, Your Honor. There's the First Amendment problem, and there's the ability to file papers. I made it clear to the magistrate, and again, that's why I say this discussion is very intensive. You're saying it's a due process problem that you were denied the motion to proceed anonymously before you actually got to file it and provide all your reasons. That is one of the due process problems. The other due process problem is that we made it clear on the record that I was traveling out of state on business the week immediately following the conference. The following week, I then had depositions and a mediation, and our ability to marshal the information necessary to file our supplemental papers was going to be incredibly difficult. I'm in a very small office, and the magistrate grilled me very extensively on whether the reasons were valid, and he accepted them as valid reasons. And so over the plaintiff's objection, he gave us until June 15th to marshal that information and to file our full motion. Then on Monday, suddenly, we discovered that that entire conversation and the reasons that were accepted by the magistrate were all undone the following Monday. Instead, we were being expected four days later to do exactly what the magistrate authorized us to do on June 15th. Then on Wednesday, when I was diagnosed with COVID, so we filed our emergency request to the district judge on Tuesday, the 24th. I was supposed to get on a plane on my business trip on Wednesday, the 25th, an hour before my Uber arrived. I was feeling sick. I took a test, tested positive. Excuse me. This is all very well, but the issue of urgency here is whether the district judge's order that you provide your identities in connection with your motion to dismiss for lack of jurisdiction, that's the issue. And you're going on at great length about the district judge superseding the magistrate judge's order and shortening the time. But that is not something that is appealable under the collateral issue. So why don't we talk about the First Amendment problem? So the other harm, do you say, that your clients would have is the revelation of their identities? Correct. So – and the Arrest of Records issue is on appeal before this court as we speak. That's 21-3079. But Arrest of Records, Sony Music, that's about a very different issue than the motion to proceed anonymously. That's about a plaintiff trying to locate and identify a defendant that they're trying to sue. Remember what happened in Arrest of Records and Sony Music. Those are BitTorrent illegal music downloading cases where somebody in, I don't know, North Korea or China or wherever is hiding out from the jurisdiction of the court trying to escape liability. And the plaintiff comes to the court and says, Judge, I can't find these people. What do I do? Well, in connection with the motion to dismiss for lack of jurisdiction, you are supporting that motion with an affidavit saying that your client – your client's affidavit saying we have no connection with New York. We don't have sufficient connection with New York to give the New York court jurisdiction over us. But you're doing it in a manner anonymously that prevents the plaintiff from defending against your affidavit. There's no way that the plaintiff can cross-examine you that way and even less way that the plaintiff can investigate to determine the accuracy or inaccuracy of your affidavits. So the court is in a position in which if it wants to – if you want to credit your – you want your affidavit to be credited, you have to do what the district court said. But your ability to remain anonymous is not at stake here. You can not give it up and still litigate anonymously. You're just likely to lose your motion to dismiss for lack of jurisdiction because you haven't supported it by evidence that's cognizable. And, Judge, that's why we wanted to file a motion to proceed anonymously. We wanted to establish an acceptable method to establish a record because we knew that Judge Gardner was not going to – This has nothing to do with your proceeding in the merits case anonymously. This has to do with the – with whether your motion to dismiss for lack of jurisdiction should be granted or denied. And while the district court said it can't decide the motion without this information, that was a little bit of overstatement by the district court. The district court can perfectly well decide it. It just can't decide it in your favor because you haven't put in – you haven't supported it by cognizable evidence. Based on what the district judge said, we thought we had to engage the court in a method to not just make a record on personal jurisdiction but also on the preliminary injunction. I don't care what you thought. I don't care what you thought. The issue is – the issue is that you haven't supported your motion to dismiss for lack of jurisdiction by cognizable evidence. It sounds like you were about to say that you might have a method for establishing – for supporting the personal jurisdiction defense. But before we get to that, is your understanding of what the district court did the same as Judge LaValle's? So it seems that in the briefing, the parties seem to think that the district court made a discovery order and just ordered the release of this information. But another way of seeing what the district court did was it just said I can't adjudicate the personal jurisdiction defense without knowing the identities of the defendants. And therefore, if I don't have that information, I will deny the personal jurisdiction defense. But you'd have – I mean if you were to waive personal jurisdiction, you might be able to proceed anonymously on other issues. Is that your understanding? No, the judge did both, Your Honor. He actually ordered disclosure by June 3rd. So he ordered disclosure by today regardless of whether we – whether it was a strategic or tactical matter. We thought we should stand on anonymous declarations or seek a procedure by which the district court would accept. So your understanding of what the district court did is if you do not reveal the information by June 3rd, you would not only lose your personal jurisdiction defense, but you'd be held in contempt. Yes, Judge. That's exactly what it sounds like. That's exactly – we believe that's exactly what he did. And we didn't have an option to – Where is that in the record? That's in – that's in the – the – Well, where did Judge Gardner say that? In the May 26th order. He says the defendants shall reveal their identities. He does say the anonymous defendants would – Where is the language about contempt? I'm sorry, Judge? Where is the language about contempt? I didn't see it. Well, if you don't follow an order, you're in contempt. I mean, that follows from the – Right, so your understanding is because he says the anonymous defendants will disclose their identities, including their names and addresses, as of October 22nd, 2021, to plaintiff in this court by June 3rd, 2022. You think it's going beyond saying you can't support your personal jurisdiction defense without this information to saying you're ordered to do it on penalty of contempt. I see the amount of time. May I answer? You can continue. Yes, that is exactly how we understand it. May I make one request? I must – Well, can I ask – can I ask if, in fact, it's the other thing? Let's say that actually it's a bit of an overstatement, as Judge LaValle suggested, and what the district court is saying is, well, I do not think the anonymous affidavits are sufficient to support your personal jurisdiction defense, and therefore, without disclosure of the identities, you'll lose the personal jurisdiction defense, but you might be able to remain anonymous for other things that might be adjudicated. Would that be a reasonable position by the district court? Not if the court doesn't allow us to move for a procedure that the court would find acceptable. That's the whole point of the motion to proceed anonymously. The district court made it very clear in that order that the subject matter of the order was the motion to dismiss for lack of jurisdiction. The order clearly states that this is – that your requirement is a discovery order. It says you've got to disclose what they're asking for in connection with this, and it happens all the time. It's not a rare thing that somebody is ordered to disclose something in discovery that they don't want to disclose. They don't disclose it, and then there are consequences, which can be simply that the evidence is disallowed or the court draws inferences against you, and that's it. Your Honor, we believe he was also talking about the preliminary injunction record, but that's exactly why we were looking for – Well, the order makes it very clear. He's talking about the motion to dismiss for lack of jurisdiction. The order says that, does it not? It says – and the P.I. It also says – it also refers to the preliminary injunction record, and that's also in connection with the December 14th order, where Judge Gardoffy first says that there is no evidentiary worth. So it's pretty clear that the judge thinks that we can't make a record either on personal jurisdiction or on the preliminary injunction with these affidavits, which is why we wanted to engage the court on a method that the court would find acceptable. We recognize – I'm not here to superintendent Judge Gardoffy's management of this case or of the magistrate's management of the case. The only issue before us is whether you've met the tests necessary to get a stay. This is not a – this is not a plenary hearing on the case. I understand your – we think we've met that. All right. So you have a likelihood of success on reversing the district court's decision to deny the motion to proceed anonymously, right? Yes, for two reasons, both because we didn't have a chance to file the motion, so the court ruled on a motion we didn't even file yet. Second, the judge – and this implicates the scheduling orders – the judge didn't give us sufficient time to file that motion. When we raised it with the magistrate on May 18th – But that's the reason it will be reversed? I mean, I thought your argument was that the district court didn't take account of your First Amendment interest in anonymous speech. It's that too. There are multiple issues here, Your Honor. It's the First Amendment interest in anonymous speech. It's the insufficient time for all the reasons that we – So when you interpret this order from the district court and you're saying you didn't understand it as being limited to the personal jurisdiction defense. Correct. Is that because the district court had said in prior orders and during the proceedings, I don't think you have a First Amendment interest in proceeding anonymously? I'm sorry, I didn't understand. The district court has said in the proceeding, I don't think that there is a First Amendment interest in proceeding anonymously because you can't violate the trademark laws anonymously, right? The court has not said that. The court has said that the plaintiff was entitled to third-party discovery because of the standard of arrest of records and stony music. That's why we contend that these are different issues. One issue is how does a plaintiff track down some random thief in Vietnam or wherever that's – Explain that. So why is your case different? Our case is different because we're here. We're here litigating. We're fielding lots of line drives, but we're here before the court. We've reserved personal jurisdiction and we intend to argue – So it's different from arrest of records because there the parties couldn't even be served and engaged in litigation, but here you are. Correct. But you are contesting the court's jurisdiction over you by filing a personal jurisdiction defense. This court's jurisdiction – a court has jurisdiction over us. And this will be litigated somewhere either in the Southern District of New York or we believe the Western District of Texas, but we're not escaping liability or the – So why does the plaintiff not have the right to evaluate whether, in fact, this court has jurisdiction over the defendants? Well, interestingly, twice the plaintiff has said and said this to the magistrate that they don't require the identifying information in order to assert or litigate jurisdiction. The magistrate twice asked counsel, do you need the identifying information in order to litigate jurisdiction in the Plurine Junction? And she said no, twice. So it's odd to see that in the papers when they've said to the magistrate that they don't need it. Well, why don't you explain to me why they wouldn't need it? Why they would not need it? So it seems intuitive to think you claim that you don't have any ties to New York. You assert that in an anonymous affidavit, but the plaintiff has the right to contest that affidavit or evaluate the truth of it. And so how can they do that if they don't know who the speakers are? For example, they may not be asserting that there's general jurisdiction. They may be relying only on specific jurisdiction. They don't need to know where we live if it's about specific jurisdiction. They want to talk about the website and is it interactive? They're entitled to test it on any of those bases. They're entitled to test it. And, Judge, that's why we wanted to engage the district court on how we can make a proper record. You've said that a bunch of times. So what is the method that you think the district court should follow which would allow for adequate testing of the jurisdictional defense without revealing the identities? Well, there are a number of ways to do it, but one way to do it is to have the right to file under seal. One way to do it is to do it in camera or ex parte. The cases we cited show that courts do this all the time, and the court should fashion a remedy to enable us to do that. So there is a stipulated confidentiality order in your proceedings. So why wouldn't this information be subject to that order? Or would you be allowed to market confidentiality? So there's two risks. Wait, can I just get an answer to that question? There are two issues there. Number one, it's not an automatic thing. The confidentiality order still requires the filing of a letter brief to justify the sealing of a record. So we still have a burden to satisfy, and there's risk there. Number two, I worry that the plaintiff will argue and perhaps the district court will say, oh, well, this isn't discovery. This order only applies to discovery materials. These are affidavits that you're filing separate from discovery materials. Therefore, it doesn't count. That's why I wanted to establish a clear and understood method that we could follow. I wanted the court to say, okay, that method is not acceptable, but this one is. So follow method B, and you can litigate, and everybody will be happy. That's what the whole point of the motion to proceed anonymously was, to establish what's acceptable to the court. Okay, I get that you think that you should be able to establish that in advance, but it sounds like the answer is you could seek this information in the confidentiality order. You're just saying it's not guaranteed the district court would honor that because there's a procedure by which you have to request that treatment from the district court. Is that right? Well, the court has already indicated that our methods are unacceptable. So we were required to do this on short notice. That's the other problem. That's why the scheduling orders are intertwined with the May 26th order, because we needed time to be able to engage the court on that issue. And when we were surprised to- Can I ask a sort of larger question? So I sort of understand your argument that you're engaging in anonymous speech. Your argument is that your clients are engaging in a parody in its political speech, and this isn't a meritorious trademark claim. First of all, that's a merits determination, right? Yes. But I understand the concern that somebody might file a claim and unmask a speaker who's criticizing them and get a remedy, even if they don't ultimately prevail on the claim. But sometimes claims are meritorious, and sometimes they're in between clearly meritorious and clearly frivolous. And so how do we evaluate that? First Amendment interest without determining the merits of the claim? Well, certainly on the unmasking issue, there's a very well-established body of case law, and that is the subject of our appeal in 21-3079. Outside this circuit, there are very rigorous procedures that every other court uses, including providing notice, which we never got. And so in that other appeal, we argue that Arrester Records is not the correct standard for our situation. This circuit does not have an established case law on the kind of standards that would be applied in this kind of case. And the standard would be what? It would be to take a look at it to see if it's sufficient, if it implicates the First Amendment to enough of an extent that there's an interest in anonymous speech? Well, certainly. And if it meets that standard, then we would say that the district court has to allow the defendant to proceed anonymously? I mean, Your Honor, it's fully briefed in our merits, in our opening brief in the other case. But just quickly, there's a series of things that have to happen. Number one, you have to provide notice. You have to give the anonymous parties the opportunity to come in and impose the unmasking, which was not done here. Number two, there has to be a strong showing by the plaintiff of the merits of the claim. And the standard that we believe, you know, there are various standards the court's applying. Summary judgment standard, motion to dismiss standard, prime official case standard. We think the strongest standard should be applied because of the important First Amendment issues. And then the court has to weigh that. It's not just a threshold issue that says, oh, you've shown something, therefore you win. The court has to weigh the strength of the case and the need for the information versus the strength and importance of the First Amendment right. And that wasn't done here, and that is the procedure. Okay, I have that argument. Can I ask another question that follows up on something earlier? So if, in fact, the district court were to put you to the choice of maintaining your personal jurisdiction defense or maintain your anonymity, but because it had determined that you can't adjudicate the personal jurisdiction without knowing the identities of the defendants, but that wouldn't mean you wouldn't necessarily be able to maintain anonymity with respect to other defenses. Would your clients reveal the identities, or would you waive the personal jurisdiction defense? We would not waive the personal jurisdiction defense, Judge. That's critically important. And I know I keep saying this. I apologize. I know I keep saying this. It's exactly why we wanted to engage the district court in a procedure that was acceptable. We needed some procedure that we knew was acceptable to make the proper record. It was critically important to us. And that's one of the critical things we were deprived of, which is why we're here today. May I address a very- Let me be clear. I'm simply speaking for my-